IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-20295-KING

JACQUELINE MARIANNE
RODENBECK-CLARK,

    Plaintiff,

vs.

AMERICAN VAN LINES, INC. a
Florida corporation, and SUPERIOR
MOVING AND STORAGE, INC. a
Florida corporation,

    Defendants.
_____/

## ORDER GRANTING MOTION TO QUASH SERVICE OF PROCESS

THIS CAUSE comes before the Court upon motion to quash service of process by Defendant, AMERICAN VAN LINES, INC. (DE #23), which was filed on May 25, 2010.[1] The issue before the Court is whether Defendant American Van Lines was properly served with Plaintiff's initial Complaint. After careful consideration and for the reasons set forth below, the Court determines that Defendant's motion should be granted.

**I.      Background**

Plaintiff Rodenbeck-Clark sued American Van Lines, Inc. and Superior Moving and Storage, Inc. in the Circuit Court of the Eleventh Judicial Circuit of Florida on January 7, 2010. Plaintiff's complaint stated four causes of action: 1) breach of contract; 2) fraud; 3) fraudulent misrepresentation; and 4) conversion. On or around that same date Plaintiff served both

---

[1] Defendants' Motion to Quash Service of Process has been briefed in full, as Plaintiff filed a Response (DE #31) on June 26, 2010.

1

Defendants with a copy of the complaint and summons.

The propriety of the service upon Defendant American Van Lines is in dispute. According to Defendant American Van Lines, it was not properly served, as a copy of the Summons and Complaint was left with its Operations Manager, Eric Deaunovich, rather than its registered agent, Anthony Di Sorbo. There is no dispute over the time of service upon Mr. Deaunovich: 11:45 a.m.

Nonetheless, on January 29, 2010, Defendant Superior Moving petitioned this court to remove the action to federal court. (DE #1). In its Notice of Removal, Superior Moving stated that it had received "service of a Summons and Complaint" on or about January 11, 2010. American Van Lines simultaneously filed Notice of Consent and Joinder in Removal, in which American Van Lines consented to federal court jurisdiction. (DE #1). Soon afterwards, on February 3, 2010, Superior Moving filed a Motion to Dismiss (DE #4), arguing that Plaintiff's claims were preempted by federal law. After Plaintiff failed to file a response to Defendant's motion, this Court ordered the dismissal with leave to amend. (DE #6). After obtaining an extension to amend, Plaintiff filed a First Amended Complaint (DE #14) on April 12, 2010. Superior Moving again moved to dismiss on grounds of federal preemption. (DE #16). Plaintiff subsequently filed a response to Superior Moving's motion (DE #17) on May 3, 2010 and Superior Moving filed a Reply (DE # 19) on May 12, 2010 in which it addressed the sole issue of whether Plaintiff's action was preempted by federal law. This Court, by Order (DE #21) dated May 18, 2010, ordered Defendant American Van Lines to enter a Notice of Appearance. One day later, this Court dismissed (DE #22) Counts II and III of Plaintiff's First Amended Complaint. Nonetheless, appearing for the first time six days later, American Van Lines filed a Motion to Quash Service of Process and Notice of Limited Appearance (DE #23). It is that

motion which is now before the Court.

## II. Legal Standard

Florida law is clear that service of process must comply with the strict requirements of Section 48.081, Florida Statutes. *Ludlum Enters., Inc. v. Outdoor Media, Inc.*, 250 So. 2d 649 (Fla. 4th DCA 1971). For purposes of the matter now before the Court, the hierarchy of service under Section 48.081 prescribes two means of accomplishing proper service: 1) service on a corporate officer, Fla. Stat. Sec. 48.081(a)-(d); or 2) service on a registered agent, or an employee at the corporation's principal place of business but *only if the registered agent has failed to comply with Section 48.091, Florida Statutes*, Fla. Stat. 48.081(3)(a). *See also Southeastern Mail Transport, Inc. v. Amoco Oil Co.*, 402 So. 2d 522 (Fla. 1st DCA 1981); *Sierra Holding, Inc. v. Inn Keepers Supply Co.*, 464 So. 2d 652 (Fla. 4th DCA 1985). The following is the compliance requirement under Section 48.091 that applies to corporations like American Van Lines:

> *[A] corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.*

Fla. Stat. 48.091 (emphasis added). If not raised in the first motion or responsive pleading filed by a party, an objection to improper service of process is waived. *See Brivis Enter., Inc. v. Von Plinski*, 976 So. 2d 1244, 1244 (Fla. 3d DCA 2008) (failure to waive insufficient service of process of defense at inception waives defense); *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207-09 (Fla. 4th DCA 2005). "Responsive pleading" includes such action as answering and moving to dismiss, *Brivis*, 976 So. 2d at 1244, but does not include a party filing consent to removal to federal court.

3

*White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1302 (N.D. Fla. 2004) ("If removing a case does not waive a [waiveable] defense ..., *consenting* to removal certainly does not ...") (emphasis in original); *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ("Petitioner suggests that, by removal of the case to federal court, objection to jurisdiction over the person of the respondent was waived. Our decisions are to the contrary."); *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995) (right to removal does not waive objection to improper service of process).

### III. Discussion

Defendant American Van Lines filed its Motion to Quash Service of Process on the grounds that it believed the service upon its Operation Manager was improper under Florida law. Defendant points out that under § 48.081, Florida Statutes, service of process upon a corporations is intended to ensure notice of impending suit to the highest level of the corporate hierarchy. Def's Mot. at 2. American Van Lines does not dispute that service of Mr. Deaunovich was performed at American Van Lines' principal place of business. Instead, it argues that as its registered agent was only "temporarily absent" from the premises during the time that Mr. Deaunovich was served, Aff. of Di Sorbo ¶3 (DE #23-2), service upon American Van Lines' Operations Manager was improper under § 48.081 (3)(a). In support of its claim, American Van Lines cites a Florida case that it feels is representative: *Sierra Holding, Inc.*, 464 So. 2d at 654. In that case, the Fourth District Court of Appeals held that a temporary absence of a registered agent from the premises between 10 am. and 12 p.m. did not obviate the necessity of serving the agent properly under Florida Statute 48.081. *Id.* at 654-55.

Plaintiff counters that its service of American Van Lines' Operations Manager was appropriate in the absence of its registered agent. According to Plaintiff, because the registered

4

agent, Anthony Di Sorbo, was not present during the required hours of 10 a.m. to 12 p.m. during a normal business day, service was proper. In support of its position, Plaintiff notes that the affidavit of Defendant's own registered agent, Anthony Di Sorbo, proves that Mr. Di Sorbo was absent from Defendant's principal place of business at the time of service. (DE #23-2). As such, Plaintiff supposes that service of Defendant's Operations Manager was therefore appropriate under Section 48.081(3)(a). Pl. Resp. to Motion to Quash at 2.

According to the law cited by the parties, there is no doubt that American Van Lines' interpretation of the service of process requirements is correct. In the absence of fraud or bad faith on the part of the temporarily absent registered agent, service upon an employee such as Operations Manager Deaunovich is improper. This Court feels constrained to note that it gave Plaintiff ample opportunity to demonstrate such fraud or bad faith: by Order (DE #32) dated June 30, 2010, the Court directed Plaintiff to "file an affidavit from the process server describing all of the events that took place when the server attempted to serve American Van Lines with process." In response, Plaintiff instead filed a Verified Return of Service (DE #33), which declared only that "Erick Deaunobich" was served as Operations Manager in apparent compliance with Fla. Stat. 48.081. Notably absent from the Verified Return of Service was any indication of fraud or bad faith on the part of American Van Lines' registered agent. A similar fact pattern occurred in a case decided by the Seventh Circuit. In that case, *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995), the individual plaintiff failed to serve the defendant city properly. In that case, as in the instant matter, the defendant sought removal even though it had not received proper service. 69 F.3d at 1370. However, the defendant refused to file a responsive pleading until properly served. *Id.* Subsequently, the plaintiff moved for default, alleging that it was entitled to judgment because the defendant had failed to file an

answer or motion to dismiss. *Id.* The Seventh Circuit determined that no responsive pleading was due until proper service had been rendered. *Id.* at 1375-77. Likewise, this Court is constrained to hold that Plaintiff improperly served American Van Lines and therefore dismisses this matter as to American Van Lines without prejudice to refiling by Plaintiff.[2]

Nonetheless, the Court is also compelled to note that while Defendant American Van Lines has honored the letter of the procedural laws at issue, it has abused their spirit. Procedural rules are not only intended to ensure fairness, but also judicial efficiency. Defendant, after consenting to removal of the underlying suit to federal court (DE#3) on January 9, 2010, permitted litigation to continue against its co-defendant Superior Moving. On two occasions, Superior Moving filed Motions to Dismiss, (DE #4, 16), neither of which included American Van Lines, although American Van Lines' attorney received notice on each occasion. In short, American Van Lines rode along its co-defendant's coattails until this Court directed it to make an appearance in an Order (DE #21) dated May 18, 2010. Good practice and judicial efficiency should demand more, certainly when American Van Lines possessed a valid basis for dismissal of the Complaint now before the Court, but waited until this late date to raise it.

As such, after Defendant American Van Lines is properly served, the parties are placed on notice that the Scheduling Order (DE #28) will be strictly enforced regarding discovery, motion practice deadlines, and both pre-trial and trial dates.

### IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

---

[2] The Court also notes that Plaintiff's subsequent service upon American Van Lines' attorney of the Amended Complaint and other filings does not cure the initial improper service. *See Silva,* 69 F.3d at at 1370-71, 1376-77.

6

1. Defendant AMERICAN VAN LINE, INC.'s Motion to Quash Service of Process be, and the same, is hereby **GRANTED.**

2. The above-styled action as to Defendant American Van Lines is **DISMISSED WITHOUT PREJUDICE.** Plaintiff shall serve Defendant American Van Lines promptly.

3. The Scheduling Order dated June 9, 2010 will **CONTINUE** to control the progression of the above-styled action.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 26th day of July, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:
**Clerk of Court**

**Counsel for Plaintiff**
Marcia Del Rey-Garcia
1800 SW 27th Avenue, Suite 500
Miami, FL 33145
305-529-0255
ATTORNEY TO BE NOTICED

Robert Nelson Pelier
1431 Ponce de Leon Boulevard
Coral Gables, FL 33134
305-529-9199
Fax: 529-9290
Email: rpelier@pelierlaw.com
ATTORNEY TO BE NOTICED

**Counsel for Superior Moving and Storage**

Lawrence J. Roberts
Lawrence J. Roberts & Associates
249 Catalonia Avenue
Coral Gables, FL 33134
305-441-7882
Fax: 305-441-7883
Email: lroberts@lrobertsandassociates.com
ATTORNEY TO BE NOTICED

**Counsel for American Van Lines**
Marvin I. Moss, Esq.
20801 Biscayne Blvd, Suite 506
Aventura, Florida 33180