IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-20295-KING

JACQUELINE MARIANNE
RODENBECK-CLARK,

    Plaintiff,

v.

AMERICAN VAN LINES, INC. a
Florida Corporation, and SUPERIOR
MOVING AND STORAGE, INC. a
Florida Corporation,

    Defendants.
_____/

## ORDER DENYING MOTION TO QUASH

**THIS CAUSE** comes before the Court upon Defendant American Van Lines, Inc.'s, ("Defendant") Motion to Quash Service of Process (DE # 44) filed January 31, 2011. In its Motion, Defendant moves to quash service of the Complaint in the above-styled action, served on January 4, 2011. Defendant contends that it was not properly served, *i.e.*, by being left with an officer, director, general manager, managing agent, or registered agent, and instead was left with Eric Deaunovich, an operations manager, with no authority to accept service and bind the corporation.

> According to Fla. Stat. § 48.081, service of process on a corporation is proper:
>
> (a) On the president or vice president, or other head of the corporation; (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager; (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or (d) In the absence of any

1

person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state…; (3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, *service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.*

Fla. Stat. § 48.081.

On December 29, 2010, the Court granted Plaintiff's Motion for Substituted Service (DE #39) upon Defendant. Based on the attempts (in the attached affidavit of the process server) to serve Defendant's registered agent Anothony Di Sorbo, the Court determined that Defendant was evading service of process by failing to comply with Fla. Stat. 48.091[1] and causing inordinate delays in this litigation.

In accordance with applicable law, the Court granted Plaintiff leave to serve Defendant pursuant to the method outlined in Fla. Stat. § 48.081(3)(a), stating that "if service cannot be made on a registered agent because of failure to comply with s. 48.091, *service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.*" Id. Pursuant to the Court's Order, Plaintiff served one of Defendant's employees, specifically, its Operations Manager, Eric Deaunovich, on January 4, 2011. The Court finds that service upon the operations manager was proper under the statute and further authorized by Court Order.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is

---

[1] Fla. Stat. § 48.091 states, "(1) Every Florida Corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607. (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays and legal holidays, and shall keep one ore more registered agents on whom process may be served at the office during these hours." Id.

2

**ORDERED, ADJUDGED,** and **DECREED** that Defendant American Van Lines, Inc.'s, Motion to Quash Service of Process (DE # 44) be, and the same, is hereby **DENIED.**

It is further **ORDERED, ADJUDGED,** and **DECREED** that Defendant **SHALL** respond to Plaintiff's Complaint within ten (10) days of the day this Order is entered.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 4th day of February, 2011.

                JAMES LAWRENCE KING
                UNITED STATES DISTRICT JUDGE

**Cc:**

**Counsel for Plaintiff**

Marcia Del Rey-Garcia
1800 SW 27th Avenue, Suite 500
Miami, FL 33145

Robert Nelson Pelier
1431 Ponce de Leon Boulevard
Coral Gables, FL 33134

**Counsel for Defendant**

Jay Anthony Gayoso
Law Offices of Jay A Gayoso PA
20801 Biscayne Boulevard
Suite 506
Aventura, FL 33180