IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-20295-KING

JACQUELINE MARIANNE
RODENBECK-CLARK,

    Plaintiff,

v.

AMERICAN VAN LINES, INC. a
Florida Corporation, and SUPERIOR
MOVING AND STORAGE, INC. a
Florida Corporation,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court Defendants' Motion for Summary Judgment (DE #42) filed January 31, 2011.[1] After careful consideration of the motion and attached affidavits in support, the relief requested appears to be proper.

Plaintiff's First Amended Complaint purports to state six causes of action relating to a contract Plaintiff entered into with the Defendants to ship household items from Indiana, to Miami, Florida. After completing discovery relating to those claims, Defendants argue summary judgment is appropriate because plaintiff's claims are bared for failing to comply with a pre-suit notice requirement. Alternatively, Defendants argue that they are entitled to partial summary judgment limiting its liability to $.60 per pound, as declared in the bill of lading signed by Plaintiff. Because the Court finds that Plaintiff

---

[1] Plaintiff filed her Response (DE # 50) on February 22, 2011, and Defendant its Reply (DE # 57) on March 3, 2011.

1

did not meet the condition precedent of providing a pre-suit notice, it does not reach the issue of whether Defendants properly limited their liability to .60 per pound.

### I. Factual Allegations

After carefully reviewing the parties' submissions, pleadings, and affidavits, the Court determines that the material facts are not in dispute. In November of 2008, Plaintiff Jaqueline M. Rodenbeck-Clark ("Plaintiff") contacted Defendant American Van Lines ("AVL") to inquire about moving services and solicited a quote for the transportation and storage of her household goods from Indiana, to Miami, Florida. Defendant then referred Plaintiff to Superior Moving ("Superior") to perform the moving services. On November 26, 2008, Defendant Superior arrived to pick-up Plaintiff's items at Plaintiff's residence in Indiana. Plaintiff received and executed an estimate for moving services, and signed the bill of lading. On December 15, 2008, Superior delivered the goods to Plaintiff's residence in Miami, Florida, where Plaintiff signed a superseding bill of lading.

### I. Legal Standard for Motion for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398

U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

## II. Analysis

Plaintiff's Amended Complaint alleges entitlement to relief against Superior under the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706. Defendant counters that Plaintiff is not entitled to relief because she failed to provide notice to Defendant, within the 9 month period required by the terms contained in Plaintiff's bill of lading. Plaintiff does not disagree with the conditions precedent to bringing suit (included in the bill of lading) as set forth in the Carmack Amendment, however argues that Defendant should not be allowed to avail itself of the protections therein because the bill of lading was issued retroactively.

49 U.S.C. § 14706(e) provides as follows:

> (e) Minimum Period for Filing Claims.
>
> > (1) In general. – A carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part written notice that the carrier has disallowed any part of the claim specified in the notice.

Under the Carmack Amendment, a carrier is entitled to limit the amount of time in which a shipper may file a claim to nine months after the date of delivery of a shipment. Turning to the contract at hand, the Contract Terms and Conditions on the reverse side of the bill of lading Plaintiff signed, state: "Section 6. As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery ... ."

Upon the Court's review it appears that Plaintiff failed to provide Defendant with pre-suit notice, prior to filing the above-styled action. On November 26, 2008, when Superior arrived to pick-up the goods, Plaintiff signed a bill of lading containing the terms and conditions mentioned above. A superseding bill of lading was prepared by the carrier on December 15, 2008 at the time of delivery. Plaintiff argues that she should not be held to any of the terms and conditions of the bill of lading (including the requirement for pre-suit notice) because the company refused to deliver and surrender her possessions until she signed the post transport bill of lading, allegedly limiting the valuation of her goods to .60 per pound. Because Plaintiff finds error in Superior's post-transport procedure, she argues she should be released from the contract. However, irrespective of

whether Plaintiff was issued a subsequent bill of lading on December 15, 2008, on November 28, 2008 when she first signed the bill of lading, Plaintiff bound herself to the terms of Superior's contract, including the provision requiring pre-suit notice within nine months of the incident occurring. Moreover, Plaintiff's argument that she had ongoing discussions with Defendant on this matter does not alleviate the requirement of providing pre-suit notice. The case law in this area is well-settled and Plaintiff's communication and interaction with both Defendants AVL, and Superior regarding the move does not satisfy the notice requirement under the Carmack Amendment. *See Farmland Industries, Inc. v. Seaboard Coast Line Railroad Co.*, 733 F.2d 1509 (11th Cir. 1984) (finding that actual knowledge of damage to shipment was not sufficient and upheld the requirement that Plaintiff must properly give notice by filing a claim with the carrier within nine months after delivery). *See also East Texas Motor Freight Lines v. U.S.*, 239 F.2d 417, 421 (5th Cir. 1956)("It seems clear the appellee was not entitled to recover the damages claimed by it for the reason that it did not observe the contract requirements as to filing claim ..."). After careful consideration and for the reasons detailed above, the Court finds that that Plaintiff's claims are barred for failing to comply with the pre-suit notice requirement contained in the bill of lading and therefore determines that Defendant's motion should be granted.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that

1. Defendants' Motion for Summary Judgment (DE #58) be, and the same, is hereby GRANTED.

2. The above-styled case is hereby DISMISSED WITH PREJUDICE.

3. All dates stated in the Scheduling Order (DE # 28) are hereby cancelled.

4. The clerk shall close this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 29th day of March, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**

**Counsel for Plaintiff**
Marcia Del Rey-Garcia
1800 SW 27th Avenue, Suite 500
Miami, FL 33145
305-529-0255
ATTORNEY TO BE NOTICED

Robert Nelson Pelier
1431 Ponce de Leon Boulevard
Coral Gables, FL 33134
305-529-9199
Fax: 529-9290
Email: rpelier@pelierlaw.com
ATTORNEY TO BE NOTICED

**Counsel for Superior Moving and Storage**
Lawrence J. Roberts
Lawrence J. Roberts & Associates
249 Catalonia Avenue
Coral Gables, FL 33134
305-441-7882
Fax: 305-441-7883
Email: lroberts@lrobertsandassociates.com
ATTORNEY TO BE NOTICED

**Counsel for American Van Lines**
Marvin I. Moss, Esq.
20801 Biscayne Blvd, Suite 506
Aventura, Florida 33180